**Willy SIDNEY, Petitioner-Appellee,**

v.

**Joe D. HOWERTON,
Respondent-Appellant.**

No. 85–5891.

United States Court of Appeals,
Eleventh Circuit.

Dec. 11, 1985.

Michael P. Lindemann, Office of Immigration Litigation, Washington, D.C., for respondent-appellant.

Ira Kurzban, Kurzban, Kurzban & Weinger, P.A., Miami, Fla., for petitioner-appellee.

Before JAMES C. HILL, VANCE and B. LANIER ANDERSON, III, Circuit Judges.

PER CURIAM:

On October 7, 1985, Judge Alcee Hastings of the United States District Court for the Southern District of Florida, issued an order for the release of Willy Sidney pending final determination of Sidney's habeas corpus petition in the district court. The Immigration and Naturalization Ser-

___

vice ("INS") challenges the district court's order in this court.[1] For the reasons set forth in this opinion, the district court's order is vacated.

The relevant facts are as follows. Sidney is an excludable alien and a class member in *Louis v. Nelson,* 544 F.Supp. 973 (S.D.Fla.1982), *dismissed in part, reversed in part, and remanded with instructions sub nom., Jean v. Nelson,* 727 F.2d 957 (11th Cir.1984) (en banc), *aff'd in part,* —— U.S. ——, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985). Sidney was paroled into the United States under the *Louis v. Nelson* final judgment. In November, 1983, the INS revoked Sidney's parole and took him back into custody. This revocation occurred eight months after Sidney failed to respond to an INS notice to report for deportation following the final administrative determination of his exclusion case by the Board of Immigration Appeals. During that eight-month period, Sidney breached the reporting conditions of his earlier release in 1982 under the *Louis v. Nelson* final judgment.

Since November 1983, a petition for a writ of habeas corpus challenging the Board's final exclusion order has been pending before the district court. Since that time, Sidney has filed in the district court three motions seeking his release from detention pending disposition of the petition. On September 18, 1985, the release motions were referred to a magistrate for recommendation. The substantive habeas corpus petition was not included in the referral to the magistrate, has not been ruled upon in the court below, and is not now before us. Following hearing and argument on the release issue, the magistrate issued his recommendation that Sidney be released pending disposition of the habeas proceedings. The magistrate found that the INS reviewed Sidney's case in June, 1985, and declined to release Sidney.[2] According to the magistrate, the INS' sole

reason for its decision was the fact that the issue of release was pending before the district court in the form of Sidney's habeas petition. Concluding that this reason was invalid, the magistrate recommended Sidney be released.

The government objected to the magistrate's findings specifically noting that its reasons for refusing to reparole Sidney included Sidney's failure to heed the notice of deportation and Sidney's eight-month breach of his reporting requirements. The INS asserts that these reasons for Sidney's continued detention, which were not recognized by the magistrate, indicated that Sidney was likely to abscond if released on parole.

The district court overruled the INS' objections to the magistrate's findings and ordered Sidney's release pending final determination of his habeas corpus action. The district court's stated reason for its order was that "an indeterminate term of confinement for one who is not a threat to the community or any person is untenable." Order of the District Court at 2.

■ Congress has delegated broad discretion to INS executive officials, and these grants of statutory authority are particularly sweeping in the context of parole decisions. *Jean v. Nelson,* 727 F.2d 957, 977 (11th Cir.1984) (en banc), *aff'd,* —— U.S. ——, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985). Accordingly, the standard of review for parole decisions is extremely deferential. Under that standard, the INS has the authority to deny parole to excludable aliens if it can advance "a facially legitimate and bona fide reason" for doing so. *Garcia-Mir v. Smith,* 766 F.2d 1478, 1485 (11th Cir.1985); *Jean v. Nelson,* 727 F.2d at 977, *aff'd on other grounds,* —— U.S. ——, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985). In this case, the Record supports the INS' contention that one of its reasons for denying

---

**1.** INS also sought a stay of the district court's order, which this court granted pending further order of this court.

**2.** The Record indicates that the INS "review" of Sidney's case was limited to an informal conver-

sation between Sidney's attorney and representatives of the INS. While Sidney's attorney orally requested that the INS reconsider the matter of Sidney's release, no formal release request was filed.

Sidney's release request was that Sidney's track record indicated a likelihood that he would abscond.[3] Transcript of Proceedings Before Magistrate, pp. 30–37. The likelihood that Sidney would abscond if released on parole is a "facially legitimate and bona fide reason" for the INS' decision not to release him. *Garcia-Mir v. Smith,* 766 F.2d 1478, 1485 (11th Cir.1985). Therefore, the district court erred in ordering Sidney's release.

The district court order is VACATED.

**3.** The INS has the authority to temporarily release Sidney on parole even though a final determination of his habeas petition is still pending before the district court. Consequently, denying Sidney parole solely because his habeas petition was pending may not be a facially legitimate and bona fide reason. Because the Record does not support the magistrate's conclusion that this was the sole reason, and because other legitimate reasons are amply supported in the record, we need not address the validity of an INS denial of parole on the sole ground that a habeas petition is pending. The Record does not suggest that there is any obstacle to Sidney's filing with INS a request for release on parole pending disposition of his habeas proceedings.